**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO VILLASENOR, | No. 13-56628 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01957-SJO-PJW |
| v. | |
| L. D. ZAMORA, individual and official capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

California state prisoner Francisco Villasenor appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion a dismissal without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

The district court properly dismissed Villasenor's action because Villasenor failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious medical needs by denying him certain medical devices. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (requirements of a medical deliberate indifference claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion when it denied Villasenor leave to amend his complaint because amendment would be futile. *See Lopez*, 203 F.3d at 1130 (leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**